**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Fred Bradley CARROLL, Defendant–Appellant.**

No. 01–50559.

D.C. No. CR–99–00091–AHS.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 20, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

### MEMORANDUM**

Fred Bradley Carroll appeals the order of restitution imposed as part of his sen-

---

* The panel unanimously finds this case suitable for decision without oral argument, and Appellant's request for oral argument is therefore denied. *See* Fed. R.App. P. 34(a)(2).

tence under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663, 3663A, 3664, for fraud. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Carroll's objections to the presentence report were not timely filed with the district court, we review the restitution order for plain error. *See United States v. Zink,* 107 F.3d 716, 718 (9th Cir.1997). We affirm.

The district court did not plainly err in relying on the presentence report which used customer lists as a baseline for determining the amount of restitution, because the report contained "information sufficient for the court to exercise its discretion in fashioning a restitution order." *See* 18 U.S.C. § 3664(a); *United States v. Mills,* 991 F.2d 609, 611 (9th Cir.1993). The district court also did not plainly err in rejecting Carroll's untimely assertions that he should be credited for prior repayments and value given to victims of his fraudulent scheme. *See Zink,* 107 F.3d at 718–19 (noting the "broad discretion in the kind and amount of evidence required to order restitution" conferred on courts under the restitution statute).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.